**Long Fu CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondent.**

No. 04–1061–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Long Fu Chen, New York, New York, for Petitioner, pro se.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, David C. Cortes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Long Fu Chen, *pro se*, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The IJ found that Chen was not credible and based this finding on seven different grounds. Although some of the IJ's bases were not supported by the record, the IJ properly relied on the following factors: 1) Chen claimed that his wife went "into hiding" at her mother's house, even though Chen's wife was still listed on the household registry of her mother's house; 2) Chen did not claim that his house was vandalized by family planning officials until cross-examination; 3) Chen's credible fear interview was inconsistent with his testimony regarding his wife's abortion; 4) Chen's credible fear interview was inconsistent with his testimony regarding the fine he received for violating the family planning policy; and 5) Chen did not submit any documents to support his claims and his explanations for failing to submit those documents were implausible.

The fact that Chen omitted information regarding his wife's IUD insertion and forced abortion from both his airport interview and credible fear interview is fatal. Because of this major inconsistency, in conjunction with some of the other consistencies listed above, there is no realistic possibility of a different result on remand even if the erroneous adverse credibility factors are eliminated. We will not, therefore, disturb the IJ's adverse credibility finding. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir.2005) (hold-

ing that where an adverse credibility determination is based, in part, on flawed grounds, remand is not required where the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).